USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

KENNETH RUDGE, el al.,

Defendants.

16 CR 311 (KMW)

OPINION AND ORDER

KIMBA M. WOOD, District Judge:

The Court notes that Lewis has withdrawn his contention that Hobbs Act robbery and robbery conspiracy do not constitute "crimes of violence," in light of *United States v. Hill*, 832 F.2d 135 (2d Cir. 2016).

The Court denies Lewis's motions to dismiss Count Two, Three and Four for failure to describe the effect on interstate or foreign commerce, because that effect is an element of the charged offense, to be determined at trial.

In order for the Court to properly consider defendants' pending motions, the Court requests the following from the Government:

1. the best possible photographs of the photo arrays and of the live line-ups submitted as parts of the Government's Exhibits to its March 24, 2017, Memorandum in Opposition to the Pretrial Motions of Kenneth Rudge and Rashod Lewis;

2. answers to the following questions posed at pp. 5 - 6 of Defendant Rudge's Memorandum of Law in Support of Pretrial Motions:

    a) did the three viewing witnesses come to the Police Precinct in the same vehicle and discuss the case?

      b)      what was said to each witness when brought to the station house by law enforcement;

      c)      approximately how long did each witness view the array;

      d)      regarding the January 29, 2016 line up:

            i.      had the witness previously identified Rudge in a photo array?

            ii.      had the witness failed to identify Rudge at a previous proceeding?

      e)      regarding the February 16, 2016 photo array:

            i.      did the witness who identified Rudge on February 16, 2016 also view the photo array shown on January 22, 2016?

The Court does not understand Mr. Sharkey's question at pp. 5 - 6 of his Memorandum, which reads as follows:

> "Additionally, two additional photo arrays were displayed on this date. Was the same witness in all three views?"

The Court requests Mr. Sharkey to pose this question to Government counsel, and advise the Court of any relevant information.

Rudge's Motion to Suppress Post-Arrest Statements is currently moot, given the Government representation that it will not seek to introduce the statements in its case-in-chief. The Court will consider the Motion if and when the Government signals its intent to introduce the statements.

Rudge's Motion to Suppress Physical Evidence is denied because, even were Rudge's statements not suppressed, Rudge lacks standing to challenge the search (given that he makes no claim to have a valid expectation of privacy in the apartment). Furthermore, even if he had

standing to challenge the search, Rudge's motion would fail because his statements played no part in the obtaining of the search warrant.

SO ORDERED.

Dated: New York, New York
April 11, 2017

*[signature: Kimba M. Wood]*

THE HON. KIMBA M. WOOD
United States District Judge