```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.  16-CR-311 (KMW)

**OPINION & ORDER**

KENNETH RUDGE,

               Defendant.
-----------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

    Pro se Petitioner Kenneth Rudge seeks additional time to file a petition for a writ of habeas corpus under 28 U.S.C. § 2255. The Court does not address the merits of this motion for a 90-day extension because Mr. Rudge did not previously or contemporaneously submit the substantive petition for relief. In the Second Circuit, this failure makes his motion deficient. The Court denies the motion without prejudice to Mr. Rudge refiling as set forth below.

## BACKGROUND

    Mr. Rudge was arrested on May 10, 2016. Count One of a Superseding Information filed on June 29, 2017 charged Mr. Rudge with carrying and using firearms in relation to a drug trafficking crime and, in furtherance of that crime, possessing firearms, several of which were discharged. 18 U.S.C. §§ 2, 924(c)(1)(A)(iii). Count Two charged Mr. Rudge with using and carrying a firearm in relation to a narcotics-related robbery and, in furtherance of that crime, possessing a firearm, which was discharged. 18 U.S.C. §§ 2, 924(c)(1)(A)(iii), 924(c)(1)(C)(i). After pleading guilty to both counts, the Court sentenced Mr. Rudge on July 23, 2018 to 120 months of imprisonment on Count One and 300 months of imprisonment on Count Two to run consecutively, for a total of 420 months in custody, followed by concurrent five-year terms of

supervised release on each count. The Court entered judgment on July 24, 2018. Mr. Rudge did not appeal his sentence.

Mr. Rudge requested a ninety-day extension of time to file a 28 U.S.C § 2255 petition by way of a motion dated July 1, 2019 and filed July 15, 2019. In this motion, Mr. Rudge asserts that he has not had the opportunity to submit a section 2255 petition because he has not acquired his docket sheet and sentencing transcript; he is awaiting the arrival of his case file from his defense attorney; and prison lockdowns have prevented him from performing necessary legal research. Mr. Rudge's motion does not describe the substantive grounds on which an eventual petition would rely.[1]

## DISCUSSION

Section 2255 allows a convicted person in federal custody to petition the sentencing court for an order vacating, setting aside, or correcting his sentence if the sentence "was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). A one-year period of limitation applies to motions for relief under this section. The period runs from the latest of: (1) the date a judgment of conviction became final; (2) the date on which an unconstitutional or unlawful government-created impediment to making a motion is removed; (3) the date on which a right asserted in the motion was initially recognized by the Supreme Court, if the Supreme Court made the right retroactively applicable to cases on collateral review;

---

[1] For this reason, the Court cannot and does not construe Mr. Rudge's motion for extension of time as a substantive Section 2255 petition. *See Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) ("Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief under section 2255.").

or (4) the date on which the facts supporting the claims presented could have been discovered with due diligence. 28 U.S.C. § 2255(f).

Courts may equitably toll the one-year limitations period in "rare and exceptional circumstance[s]." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (citation omitted). To satisfy a court that equitably tolling is justified, a petitioner "'must show that extraordinary circumstances prevented him from filing his petition on time,' and he 'must have acted with reasonable diligence throughout the period he seeks to toll.'" *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) (quoting *Smith*, 208 F.3d at 17). Whether circumstances qualify as "extraordinary" depends not on how "unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with" the limitations period. *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008).

Generally, the many challenges associated with life in prison do not, on their own, establish grounds for equitable tolling. *See, e.g., Acosta v. United States*, No. 11-CV-8753, 2012 WL 206119, at *2 (S.D.N.Y. Jan. 23, 2012) (Schendlin, J.) ("The impediments asserted by petitioner—including prisoner transfers, lockdowns, and limited access to legal papers and law libraries—are common to many prisoners during their incarceration. Such impediments do not constitute the type of 'extraordinary circumstances' that would warrant equitable tolling of the statute of limitations."); *Saldana v. Artuz*, No. 99-CV-5089, 2000 WL 1346855, at *2 (S.D.N.Y. Sept. 19, 2000) (Chin, J.) ("Hardships associated with prison conditions do not constitute the rare circumstances under which equitable tolling is granted."). In some instances, obstacles like lockdowns may be "compelling enough to excuse some incompleteness and deficiencies in an

initial filing," if not to excuse the filing of a petition altogether. *Gonzalez v. United States*, No. 08-CR-684, 2018 WL 5023941, at *4 (S.D.N.Y. Oct. 17, 2018) (Broderick, J.).

In addition to the "rare and exceptional" circumstances standard, a second requirement emerges from this circuit's case law: a district court may grant an extension of time to file a section 2255 petition only if "the moving party requests the extension upon or after filing an actual section 2255" petition. *Green*, 260 F.3d at 82. The exercise of federal jurisdiction "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States v. Leon,* 203 F.3d 162, 164 (2d Cir.2000) (citing *United States Nat'l Bank v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993)). Where a movant has not yet filed a section 2255 petition, there is no underlying case or controversy and an opinion regarding timeliness would be merely advisory. *Id.* at 164.

Here, Mr. Rudge has moved for an extension of time to file a section 2255 petition but has not yet filed the substantive petition. The Court is therefore without jurisdiction to consider his extension request. The Court takes no position on the merits of the request—that is, whether Mr. Rudge, for the reasons expressed in the request, could meet the demanding "rare and exceptional" circumstances standard.

## CONCLUSION

Petitioner's motion for a ninety-day extension of time to file a section 2255 petition is DENIED. The Court grants Petitioner leave to refile a motion for an extension of time after or upon filing a section 2255 petition.

SO ORDERED.

Dated: New York, New York
September 18, 2019

_____
KIMBA M. WOOD
United States District Judge

4